UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANDACE LOUISE CURTIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-592 |
| | § | |
| ANITA KAY BRUNSTING, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**
**PRELIMINARY INJUNCTION**

**I.     INTRODUCTION**

Before the Court is the *pro se* plaintiff's, Candace Louise Curtis, renewed application for an *ex parte* temporary restraining order, asset freeze, and preliminary and permanent injunction [Dkt. No. 35]. Also before the Court is the defendants', Anita Kay Brunsting and Amy Ruth Brunsting, memorandum and response to the plaintiff's renewed motion [Dkt. No. 39]. The Court has reviewed the documents presented, including the pleadings, response and exhibits, received testimony and arguments, and determines that the plaintiff's motion for a temporary injunction should be granted.

**II.     BACKGROUND**

*A.     Procedural Background*

The plaintiff filed her original petition on February 27, 2012, alleging that the defendants had breached their fiduciary obligations under the Brunsting Family Living Trust ("the Trust"). Additionally, the plaintiff claimed extrinsic fraud, constructive fraud, intentional infliction of emotional distress, and sought an accounting, as well as a

recovery of legal fees and damages.  The Court denied the plaintiff's request for a temporary restraining order and for injunctive relief.  However, concurrent with the Court's order denying the relief sought by the plaintiff, the defendants filed an emergency motion for the removal of a *lis pendens* notice that had been filed by the plaintiff on February 11, 2012, prior to filing her suit.

The defendants sought, by their motion, to have the *lis pendens* notice removed in order that they, as the Trustees of the Trust might sell the family residence and invest the sale proceeds in accordance with Trust instructions.  After a telephone conference and consideration of the defendants' argument that the Court lacked jurisdiction, the Court concluded that it lacked jurisdiction, cancelled the *lis pendens* notice, and dismissed the plaintiff's case.

The plaintiff gave notice and appealed the Court's dismissal order.  The United States Court of Appeals for the Fifth Circuit determined that the Court's dismissal constituted error.  Therefore, the Fifth Circuit reversed the dismissal and remanded the case to this Court for further proceedings.  This reversal gave rise to the plaintiff's renewed motion for injunctive relief that is now before the Court.

### B.     *Contentions of the Parties*

The plaintiff contends that she is a beneficiary of the Trust that the defendants, her sisters, serve as co-trustees.  She asserts that, as co-trustees, the defendants owe a fiduciary duty to her to "provide [her] with information concerning trust administration, copies of trust documents and [a] semi-annual accounting."  According to the plaintiff,

the defendants have failed to meet their obligation and have wrongfully rebuffed her efforts to obtain the information requested and that she is entitled.

The defendants deny any wrongdoing and assert that the plaintiff's request for injunctive relief should be denied. The defendants admit that a preliminary injunction may be entered by the Court to protect the plaintiff from irreparable harm and to preserve the Court's power to render a meaningful decision after a trial on the merits. *See Canal Auth. of State of Fla. V. Calloway*, 489, F.2d 567, 572 (5th Cir. 1974). Rather, the defendants argue that the plaintiff had not met her burden.

### III. STANDARD OF REVIEW

The prerequisites for the granting of a preliminary injunction require a plaintiff to establish that: (a) a substantial likelihood exists that the plaintiff will prevail on the merits; (b) a substantial threat exists that the plaintiff will suffer irreparable injury if the injunction is not granted; (c) the threatened injury to the plaintiff outweighs the threatened harm that the injunction may do to the defendants; and, (d) granting the injunction will not disserve the public interest. *See Calloway,* 489 F.2d at 572-73.

### IV. DISCUSSION AND ANALYSIS

The evidence and pleadings before the Court establish that Elmer Henry Brunsting and Nelva Erleen Brunsting created the Brunsting Family Living Trust on October 10, 1996. The copy of the Trust presented to the Court as Exhibit 1, however, reflects an effective date of January 12, 2005. As well, the Trust reveals a total of 14 articles, yet Articles 13 and part of Article 14 are missing from the Trust document. Nevertheless, the Court will assume, for purposes of this Memorandum and Order, that the document

presented as the Trust is, in fact, part of the original Trust created by the Brunstings in 1996.

The Trust states that the Brunstings are parents of five children, all of whom are now adults: Candace Louise Curtis, Carol Ann Brunsting; Carl Henry Brunsting; Amy Ruth Tschirhart; and Anita Kay Brunsting Riley. The Trust reflects that Anita Kay Brunsting Riley was appointed as the initial Trustee and that she was so designated on February 12, 1997, when the Trust was amended. The record does not reflect that any change has since been made.

The plaintiff complains that the Trustee has failed to fulfill the duties of Trustee since her appointment. Moreover, the Court finds that there are unexplained conflicts in the Trust document presented by the defendants. For example, The Trust document [Exhibit 1] shows an execution date of January 12, 2005.[1] At that time, the defendants claim that Anita Kay served as the Trustee. Yet, other records also reflect that Anita Kay accepted the duties of Trustee on December 21, 2010, when her mother, Nelva Erleen resigned as Trustee. Nelva Erleen claimed in her resignation in December that she, not Anita Kay, was the original Trustee.

The record also reflects that the defendants have failed to provide the records requested by the plaintiff as required by Article IX-(E) of the Trust. Nor is there evidence that the Trustee has established separate trusts for each beneficiary, as required under the Trust, even though more than two years has expired since her appointment.

---

[1] It appears that Nelva Erleen Brunsting was the original Trustee and on January 12, 2005, she resigned and appointed Anita Brunsting as the sole Trustee.

In light of what appears to be irregularities in the documents and the failure of the Trustee to act in accordance with the duties required by the Trust, the Court ENJOINS the Trustee(s) and all assigns from disbursing any funds from any Trust accounts without prior permission of the Court. However, any income received for the benefit of the Trust beneficiary is to be deposited appropriately in an account. However, the Trustee shall not borrow funds, engage in new business ventures, or sell real property or other assets without the prior approval of the Court. In essence, all transactions of a financial nature shall require pre-approval of the Court, pending a resolution of disputes between the parties in this case.

The Court shall appoint an independent firm or accountant to gather the financial records of the Trust(s) and provide an accounting of the income and expenses of the Trust(s) since December 21, 2010. The defendants are directed to cooperate with the accountant in this process.

It is so Ordered

SIGNED on this 19th day of April, 2013.

_____

Kenneth M. Hoyt
United States District Judge